SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00391-IM-9** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ALEXANDER ODESSKY,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a Mexico-based drug trafficking conspiracy. Defendant was a Portland area distributor who armed himself with a loaded firearm and took possession of bulk quantities of narcotics that he intended to distribute to others for profit. Pursuant to a plea agreement, defendant pled guilty to Count 1 of the Superseding Indictment. The parties have agreed to jointly recommend a sentence of 42-months' imprisonment to be followed by four years' supervised release. For the reasons set forth below, and the government's confidential supplement to the presentence report, this sentence is sufficient, but not more than necessary to achieve the goals of sentencing.

**Government's Sentencing Memorandum**                                                **Page 1**

## I.    SENTENCING CALCULATIONS

### A.    Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is largely consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(8) | 171.02 kilograms of converted drug weight | BOL = 24 |
| USSG § 2D1.1(b)(1) | Firearm Adjustment | +2 |
| USSG § 2D1.1(b)(18) | No Safety Valve (firearm possession) | -- |
| | **Adjusted Offense Level** | **26** |
| USSG § 3E1.1(a) | Acceptance of responsibility | -3 |
| | **Total Offense Level** | **22** |

Pursuant to the plea agreement, the parties have agreed to a base offense level of 24. USSG § 2D1.1(c)(8). The parties have agreed that the defendant is not eligible for the "safety valve" pursuant to 18 U.S.C. § 3553(f). The parties have agreed that the two-level firearm enhancement applies. USSG § 2D1.1(b)(1). Because the defendant possessed a firearm in connection to the offense, the parties agree defendant does not qualify for the zero-point offender adjustment under USSG § 4C1.2.

The PSR correctly calculates the defendant's criminal history category I (zero points), which, prior to any variance, produces an advisory guideline range of 46-57 months' imprisonment. The parties have agreed to a variance to the achieve the agreed upon joint sentencing recommendation of 42 months' imprisonment.

### B.    The Recommended Sentence

Pursuant to the plea agreement, the parties jointly recommend a sentence of 42 months' imprisonment to be followed by four years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

## II.    ARGUMENT

### A.    Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 18-25. In summary, DEA task force investigators identified defendant as a bulk customer of wiretap target, Hugo Roman Aparicio (Roman). Investigators lawfully monitored communications indicating Roman was going to distribute drugs to defendant. Through physical and electronic surveillance, investigators monitored defendant's arrival at Roman's home. After defendant left Roman's house where he had taken possession of the drugs, investigators stopped the car defendant was driving alone. A drug detecting canine alerted to the presence of narcotics inside the car. Having probable cause to search the mobile vehicle, investigators searched the car and seized 2.255 grams of 3,4-Methylenedioxymethamphetamine (MDMA), 19.055 grams of methamphetamine (ketamine was also identified in the tested sample), 62.8 grams of methamphetamine, and 1.016 grams of cocaine (ketamine was also identified in one of the samples tested). Investigators also seized a loaded, but with no round chambered, Smith and Wesson handgun. Under the passenger seat, investigators located a Sig Sauer handgun. The firearm was loaded, but with no round chambered. Defendant was released from the scene and the investigation continued.  Below is an image of the drugs and one of the seized firearms:

/ / / /

/ / / /

**Government's Sentencing Memorandum**                                                **Page 3**



On December 17, 2024, defendant was arrested on an arrest warrant issued from the Superseding Indictment in this case. Defendant was in possession of more drugs and additional firearms at the time of his arrest.

On February 9, 2026, Defendant agreed to plead guilty to Count 1 of the Superseding Indictment.

### B.    42 Months' Imprisonment is Sufficient but Not More than Necessary

The parties have agreed to many sentencing reductions in this case as detailed in the government's confidential sentencing memorandum. Defendant, a convicted federal felon was armed with multiple firearms while in possessing bulk quantities of narcotics he intended to distribute to others for profit. This dangerous mix of weapons and drugs present a lethal danger to the community. The recommended sentence serves to protect the community from other

crimes by defendant, and as deterrent to other individuals who may engaging in narcotics trafficking while armed with a firearm.

The PSR indicates the Judicial Sentencing Information (JSIN) data for other similarly situated defendants. The report notes, "For the 316 defendants (92%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 31 month(s) and the median length of imprisonment imposed was 35 month(s)." PSR ¶ 95. The recommended sentence of 42 months represents an incremental increase from defendant's 2001 money laundering sentence. It also reflects an increase from these other JSIN defendants which is proportional to defendant's conduct, the other charges dismissed as part of the charge bargain in this case, and defendant's prior criminal (though unscored) history. The recommended sentence therefore does not result in unwarranted sentencing disparities.

C.      **Forfeiture**

Pursuant to the plea agreement, the defendant knowingly and voluntarily forfeits all right, title, and interest in and to any assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including a Smith and Wesson handgun (Serial #HKV494) and a Black Sig Sauer handgun (Serial #66A938738) with ammunition and accessories seized from him during the investigation in this case, which were used to facilitate defendant's criminal activity, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(viii), as set forth in the first forfeiture allegation of the Superseding Indictment.

III.    CONCLUSION

Based on the foregoing, the government recommends that this Court impose a sentence of 42 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a four year term of supervised release, subject to the standard conditions.

Dated: July 8, 2026                          Respectfully submitted,

                                             SCOTT E. BRADFORD
                                             United States Attorney

                                             /s/ Paul T. Maloney
                                             PAUL T. MALONEY, OSB #013366
                                             Assistant United States Attorney

**Government's Sentencing Memorandum**                          **Page 6**